## ROBERT CARMICLE v. THE STATE.

### No. 3355.  Decided December 16, 1914.

### Rehearing denied January 13, 1915.

**1.—Aggravated Assault—Verdict—Punishment.**

Where defendant was prosecuted for an aggravated assault upon a female, and the court could and did only submit aggravated assault, a general verdict finding defendant guilty and assessing his punishment at a fine of $25 is sufficiently certain.

**2.—Same—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of aggravated assault upon a female, the evidence showed that the defendant intentionally drove his wagon against a buggy driven by the prosecutrix which caused her to fall out of the buggy, the evidence was sufficient to sustain a conviction, and there was no error in refusing a charge to acquit; the court properly submitting the issues raised by the evidence.

**3.—Same—Objections to Charge of Court.**

Objections to the charge of court must be made before it is read to the jury, which fact must be properly verified by a proper bill of exceptions.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of aggravated assault upon a female, the evidence sustained a conviction under a proper charge of the court, there was no error.

Appeal from the County Court of Fort Bend. Tried below before the Hon. W. I. McFarlane.

Appeal from a conviction of aggravated assault; penalty, $25.

The opinion states the case.

*J. C. Florea* and *J. S. McEachin,* for appellant.—On question of verdict: Moody v. State, 52 Texas Crim. Rep., 232, 105 S. W. Rep., 1127; Evans v. State, 57 Texas Crim. Rep., 174, 122 S. W. Rep., 392; Winzel v. State, 83 S. W. Rep., 187.

On question of intent: Adkinson v. State, 138 S. W. Rep., 125.

*C. E., Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of committing an aggravated assault on Annie Vajofka, and his punishment assessed at a fine of $25.

Appellant contends that as the verdict reads that, "We, the jury, find the defendant guilty as charged in the information," it is too vague and indefinite. As the jury assessed the punishment at only $25—the lowest penalty for aggravated assault, and the highest for simple assault, there might be merit in his contention had the court submitted the issue of simple assault in his charge, but the court did not do so, nor would the facts have authorized a charge on simple assault. If appellant is guilty of any offense it is aggravated assault, for Annie Vajofka is a young female, and an assault on her would be an aggravated assault by virtue of the statute.

The court did not err in refusing to give peremptory instructions to acquit. According to the State's evidence defendant intentionally drove his wagon against a buggy being driven by the prosecuting witness, crushed a wheel of the buggy, and from the impact of the vehicles she was thrown out of the buggy. If this was intentionally done it would be an assault. However, appellant by his testimony would make it an accident—that he had no intention of driving his wagon against the buggy. At appellant's request the court instructed the jury: "Unless you believe from the evidence beyond a reasonable doubt that the defendant, Robert Carmicle, struck the vehicle of the assaulted party, Annie Vajofka, with the intent to injure her, you will acquit the defendant." Again, at the request of defendant, the court instructed the jury: "If you believe from the evidence that injury was inflicted on the assaulted party by the defendant, the intent to injure will not be presumed but must be proven." These charges presented the defensive theory as made by the testimony offered by the defendant.

Appellant in the transcript has three bills of exception to the charge of the court, but each of them is endorsed as follows: "This exception not being made at the time the charge was given, it is not allowed." It is thus seen that neither of the three bills are approved by the court, but he specifically refuses to approve them. Under the law formerly objections to the charge as given could be made in the motion for a new trial, but that is not the law now. The objections to the charge must be made before it is read to the jury, and that such objections were made at that time must be verified by a proper bill of exceptions.

The record being in this condition, no exceptions being reserved to the introduction of any testimony, all special charges being given, and no exceptions reserved to the charge as given until after verdict, the judgment will be affirmed.

*Affirmed.*

[Rehearing denied January 13, 1915.—Reporter.]